41 F.3d 1510
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Talmadge McDONALD III, Plaintiff-Appellant,
v.
Patrick E. HASKINS, Defendant-Appellee.
 No. 94-2180.
 United States Court of Appeals, Seventh Circuit.
 Argued Oct. 28, 1994.
Decided Nov. 3, 1994.
 
 Before CUMMINGS, GOODWIN* and EASTERBROOK, Circuit Judges.
 
 ORDER
 
 1
 Talmadge McDonald III, then 8 years old, was at home on October 27, 1989, when a squad of police burst in to arrest his father for drug offenses. McDonald says that Patrick Haskins, one of the officers, pulled a gun and threatened to kill him. He filed this action under 42 U.S.C. Sec. 1983 to recover damages for this gratuitous infliction of terror. Haskins, by contrast, says that he treated young Talmadge courteously and that the suit was orchestrated by the boy's parents in an effort to obtain retribution for the father's arrest and ensuing conviction. A jury returned a verdict for Haskins, and we find no basis for upsetting that decision.
 
 
 2
 The bulk of plaintiff's brief contests arguments Haskins's lawyer made during closing argument. But only one of the comments now highlighted was the subject of an objection at trial, and the judge's decision on that objection--pointing out that counsel was making an argument to which plaintiff's lawyer could reply--was correct. Tolerating the remainder of the argument cannot be called plain error. True, some of the rhetoric was careless or overblown, but oral presentations do not display the precision of written exposition. Judges rely on counsel to identify questionable lines of argument, and we do not understand the judge to have discouraged objections (as opposed to reminding plaintiff's lawyer that mere argument by his adversary is not objectionable). See Carmel v. Clapp & Eisenberg, P.C., 960 F.2d 698 (7th Cir.1992); Gora v. Costa, 971 F.2d 1325 (7th Cir.1992).
 
 
 3
 One of plaintiff's strategies was to argue that other officers were covering up for Haskins. To support this contention, plaintiff obtained from agent Dahl an admission that his report did not list Haskins as an officer present at the scene. The judge permitted counsel to mine that admission for inferences but barred plaintiff's lawyer from arguing to the jury that none of the other officers' reports listed Haskins--for the very good reason that the record does not contain any of the other reports, and that plaintiff's counsel objected (successfully) to the introduction of one report (by officer Rasmussen) that does refer to Haskins being present. This ruling was proper; counsel may not pursue a line of argument that is not only unsupported but also inconsistent with evidence counsel has kept from the jury's eyes. If counsel wanted to make arguments based on the other reports, he had to get them into evidence. Fed.R.Evid. 1002.
 
 
 4
 Only one other argument requires comment. During the trial Haskins introduced evidence about the crimes of which plaintiff's father was suspected (and later convicted). This was certainly not "propensity" evidence barred by Fed.R.Evid. 404(b); no one argued that plaintiff was selling drugs. Nor was it an effort to prejudice the jury by trying to associate the plaintiff with his father's deeds. Rather the evidence was made relevant by plaintiff's argument that Haskins had no business being among the raiding party, and that his presence could be explained only by a vendetta against plaintiff's father--which, if so, might explain why an officer would mistreat the son. Defendant then was entitled to show why the nature of the investigation made his presence perfectly ordinary, undercutting the inference plaintiff sought to construct. The district court did not abuse its discretion in dealing with this or any of the other matters plaintiff urges on this appeal.
 
 
 5
 AFFIRMED.
 
 
 
 *
 Of the Ninth Circuit, sitting by designation